**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

HeliQwest International, Inc.,

          Plaintiff,

   vs.

Patriot Towers, Inc.,

          Defendant.

No. CV-14-02639-PHX-PGR

ORDER

      Pending before the Court is plaintiff HeliQwest International, Inc.'s Application for Entry of Default Judgment (Doc. 15).  Having considered the motion in light of the relevant record, the Court finds that the motion should be granted pursuant to Fed.R.Civ.P. 55(b)(2).

<u>Background</u>

      The plaintiff commenced this action, which is based on diversity of citizenship jurisdiction, on December 5, 2014; its complaint alleges claims for breach of contract and unjust enrichment.  The plaintiff, a Colorado-based helicopter charter company specializing in external load and specialty operations, entered into a Master Services Agreement ("MSA") and a Work Order/Flight Quote agreement ("Work Order") with

defendant Patriot Towers, Inc. in April 2013; the defendant is alleged to be an Arizona corporation that specializes in the engineering, installation, testing, integration, and maintenance of various telecommunication networks.  The plaintiff alleges that it performed helicopter services for the defendant in connection with the MSA and Work Order and that the defendant paid the plaintiff's invoices without objection through April 14, 2014, but then the defendant stopped making payments leaving a large sum that remains due and owing. The parties' MSA provides that it "shall be governed by, and construed in accordance with, the laws of the State of Arizona, without regard to the conflict of law principles." MSA ¶ 32.01.

The defendant was served with process through the Arizona Corporation Commission on December 19, 2014 (Doc. 8).  The plaintiff filed its Application for Entry of Default on March 2, 2015 and served it on the defendant on March 3, 2015 (Doc. 13), and the Clerk of the Court entered default against the defendant on March 3, 2015 (Doc. 14).  In its pending Application for Entry of Default Judgment, filed on March 3, 2015, the plaintiff seeks damages of $241,139.21 and attorneys' fees and costs in the amount of $7,580.00.

Discussion

A. Whether default judgment should be entered

Although the plaintiff never mentions it, the Court must consider seven factors in determining whether to exercise its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).  In considering the Eitel factors, the Court takes all factual allegations

in the complaint as true, except for those relating to damages. *See* <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir.1987).

The first factor weighs in favor of granting the plaintiff's motion because the plaintiff will be prejudiced if this action is not resolved since it may be left without any other recourse to recover the monies owed it by the defendant.

The second and third factors favor a default judgment because the complaint is both factually and legally sufficient and by defaulting the defendant has admitted the non-damages related allegations in the complaint.

The fourth factor also favors a default judgment because the contract-based damages of $241,139.21 is a significant sum and the plaintiff has submitted evidence showing that the defendant has not paid that sum after contractually agreeing to do so.

The fifth factor also favors a default judgment because the sufficiency of the complaint and the defendant's default, along with the plaintiff's submission of evidence clearly supporting its allegations, establish that a dispute regarding material facts is not a genuine possibility.

The sixth factor further favors a default judgment because the likelihood of the defendant's default being the result of excusable neglect is not a possibility since the record clearly establishes that the defendant has been aware of this action: the defendant was properly served with the complaint and the default application, and the plaintiff's evidence shows that the plaintiff's counsel communicated several times with the defendant's counsel both before and after the filing of this action in an effort to resolve the matter.

The seventh factor favors default judgment notwithstanding the strong public policy favoring decisions on the merits because the defendant's failure to defend this action renders an adjudication on the merits impractical, if not impossible.

Having reviewed all of the Eitel factors, the Court concludes that the entry of default judgment against the defendant is appropriate.

B. Amount of damages

The Court concludes that the plaintiff's submitted evidence regarding contractual damages, which consists of a declaration by Brent Miners (Doc. 15-3), the plaintiff's Controller, the parties' contracts (Doc. 15-4), and the plaintiff's invoices to the defendant, which are supported by the plaintiff's flight reports (Doc. 15-5), are sufficient to establish that the defendant owes the plaintiff the sum of $241,139.21.

C. Attorneys' fees

The defendant seeks the sum of $7,580.00 for its attorneys' fees incurred in this matter between September 17, 2014 and January 14, 2015. In support of this request, the plaintiff has submitted a declaration by Mark Wiletsky (Doc. 15-1), its lead counsel, and sufficiently detailed time sheets for counsel and staff (Doc. 15-2). The requested fee amount is based on 22.7 hours of work performed by three attorneys, Mark Wiletsky (11 hours in 2014 and .4 hours in 2015), Joseph Neguse (1.1 hours in 2014 and 2.2 hours in 2015), and J. Marcus Painter (3.4 hours in 2014), and two paralegals, Lisa Prodanovich (1 hour in 2014) and Karen Kinnear (2.7 hours in 2014 and .9 hours in 2015). Wiletsky's declaration states that his billing rate was $360 per hour for 2014 and $370 per hour for 2015, that Mr. Painter's billing rate was $460 per hour for 2014, that Mr. Neguse's billing rate was $275 per hour for 2014 and $285 per hour for 2015, that Ms. Prodanovich's billing rate was $200 per hour for 2014, and that Ms. Kinnear's billing rate was $215 per hour for 2014 and $220 per hour for 2015.

Since this is a diversity-based action, Arizona substantive law determines whether the plaintiff is entitled to an award of attorneys' fees. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir.2007). Under the applicable Arizona law, which the plaintiff

does not discuss, a "contractual provision for attorneys' fees will be enforced according to its terms." F.D.I.C. v. Adams, 931 P.2d 1095, 1105 (Ariz.App.1996). The parties' contract provides that "[i]f either party employs an attorney or commences legal proceedings to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover from the other reasonable costs incurred in connection with such enforcement, including, but not limited to, attorneys' fees and costs of investigation and litigation." MSA ¶ 16.04. The Court concludes that the plaintiff, as the prevailing party, is contractually entitled to an award of reasonable attorneys' fees.

Under the parties' contract, the attorneys' fees awarded to the plaintiff must be "reasonable." The Court concludes that the total number hours claimed, i.e., 22.7 hours, is reasonable given the record of this action.

In determining the reasonableness of the billing rates, the Court's beginning point "is the determination of the actual billing rate which the lawyer charged in the particular matter" because "in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." Schweiger v. China Doll Restaurant, Inc., 673 P.2d 927, 931-32 (Ariz.App.1983). The Court notes that while the plaintiff, through Mr. Wiletsky's declaration, has provided the Court with the attorneys' and paralegals' billing rates, the declaration does not specifically state that these rates were what the plaintiff was actually charged, nor does the declaration set forth the specific fee arrangement between the plaintiff and its counsel.

While the Court assumes that the plaintiff was billed at the stated rates, the Court may nevertheless determine that the agreed-upon rates are unreasonable and

may utilize a lesser rate. *Id.* at 932.  The Court is tempted to do so here, particularly with regard to the billing rates of the paralegals, because conspicuously absent from Mr. Wiletsky's declaration is any information at all about the professional backgrounds, experience and qualifications of any of the attorneys or paralegals, which is information that is normally submitted in fee applications to justify billing rates.

Because the plaintiff has not made any sufficient effort in its memorandum to discuss the governing Ninth Circuit and Arizona law and because Mr. Wiletsky's declaration is deficient in a significant respect, together with the fact that the memorandum does not comply in certain respects with procedural requirements of this Court's Local Rules, *e.g.*, it does not fully comply with LRCiv 7.1(a)(3) and (b)(3), the Court will reduce the amount of the requested fee award by 10%.  Therefore,

IT IS ORDERED that plaintiff HeliQwest International, Inc.'s Application for Entry of Default Judgment (Doc. 15) is granted to the extent that the plaintiff is awarded the following relief:

(1) Damages of $241,139.21;

(2) Interest on the awarded damages at the applicable statutory rate pursuant to 28 U.S.C. § 1961(a) from the date of judgment until the principal balance and all accrued interest is paid in full; and

(3) Plaintiff's attorneys' fees and costs in the total amount of $6,822.00.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 6th day of April, 2015.

Paul G. Rosenblatt
United States District Judge